UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HANOI BARBARO ACOSTA,

              Petitioner,

    v.

TJ WATSON,

              Respondent.

CASE NO. 20-920-RSM

**REPORT AND RECOMMENDATION**

On June 12, 2020, petitioner Hanoi Barbaro Acosta, a federal prisoner, submitted a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his convictions for first degree robbery and the sentence imposed on October 11, 1996 in the King County Superior Court No. 96-1-05045-4. Dkt. 1. Petitioner also moves for discovery and an evidentiary hearing. Dkt. 6. Under Habeas Rule 4, the Court should dismiss a habeas petition if it plainly appears from the petition the petitioner is not entitled to relief. The Court has reviewed the habeas petition and concludes it is barred by the federal statute of limitations, and that no amendment would cure this barrier. Accordingly, for the reasons discussed below, it is recommended:

(1) The federal habeas petition be denied;

(2)  The motion for discovery and an evidentiary hearing be denied, (Dkt. 6);

(3)  The case dismissed with prejudice; and

REPORT AND RECOMMENDATION - 1

1  (4)  A certificate of appealability (COA) not be issued.

2  **THE HABEAS PETITION**

3  The federal habeas petition avers petitioner is currently a prisoner at the United States

4  Penitentiary in Terra Haute. He is ostensibly serving a term of imprisonment imposed by a

5  federal court, not the 1996 state conviction and sentence which is the subject of this habeas

6  petition.  Dkt. 1. Petitioner challenges the state conviction and sentence for multiple counts of

7  robbery in the first degree imposed in 1996 in King County Superior Court for Washington State.

8  Petitioner was not convicted after a trial but states that he "took an Alford plea." Petitioner avers

9  he did not seek direct review in the state courts by filing an appeal of his judgment of conviction

10  and did not file a petition for writ of certiorari in the United States Supreme Court.

11  However, petitioner avers on August 20, 2019, he collaterally challenged his state

12  convictions by filing a personal restraint petition (PRP) in the Washington Court of Appeals in

13  which he alleged he was denied effective assistance of counsel under *Strickland v. Washington*

14  (1984) and *Padilla v. Kentucky* (2010)[1] by counsel's failing to advise him robbery is a deportable

15  offense, and the state court denied him due process by failing to advise him robbery was a

16  deportable offense. The federal habeas petition avers the Washington Court of Appeals denied

17  petitioner's PRP on the grounds that "the petition failed to establish an arguable basis for

18  collateral relief in fact or law." Petitioner thereafter, in March 27, 2020, sought review in the

19  Washington Supreme Court of the Court of Appeals' decision. On May 19, 2020, the

20  Washington Supreme Court denied review.

21
22  [1] Petitioner also cites to *Lee v. United States*, 137 S.Ct. 1958 (2017). In this case, Lee pled guilty after his lawyer misadvised him about the immigration consequences of his conviction. The case, however, does not provide an independent legal basis for habeas relief, apart from *Padilla*, because it focused on whether *Lee* had met *Strickland's* prejudice prong. *Id.* at 1968 ("Accordingly we conclude Lee has demonstrated a

23  "reasonable probability that, but for [his] counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.").

1    Petitioner also avers he did not know about the immigration consequences of his state

2    conviction until 2004 when "immigration came and picked me up," and that he did not appeal his

3    conviction following his sentencing hearing in 1996 because *Padilla* was not decided until 2010

4    and was therefore unavailable to him. Further, he contends the federal habeas limitations period

5    set forth in 28 U.S.C. § 2244(d) does not bar his petition because "once the Court of Appeals of

6    the State of Washington re-opened my case via direct review of my personal restraint petition on

7    September 9, 2019, my conviction was no longer final for purposes of § 2244(d)(1)(A). See

8    Jimenez v. Quarterman, 555 U.S. 113 (2009)."

9                                **DISCUSSION**

10    Petitioner was sentenced in 1996, has never sought direct review of his conviction

11    through an appeal, and waited until 2019 to file a state petition for collateral relief. On its face,

12    the federal petition for writ of habeas corpus is untimely as it was filed far beyond the one-year

13    statute of limitations. Additionally, the federal habeas petition's untimeliness is not saved by

14    *Jimenez v. Quarterman* as petitioner contends. *Jimenez* applies only where the state court

15    restores the pendency of a direct appeal. This did not occur here because petitioner filed a

16    petition for collateral relief in 2019, not a direct appeal, and the state courts dismissed the

17    petition for failure to establish a basis for relief. The state court dismissed the petition for

18    collateral relief on the merits and thus did not restore the pendency of petitioner's direct appeal.

19    The Court has considered whether there are extraordinary circumstances that would toll

20    the habeas statute of limitations and finds there are none. Petitioner avers he became aware of the

21    immigration consequences in 2004 when immigration agents picked him up, and *Padilla* was

22    decided in 2010. The legal and factual bases for the federal habeas petition were thus available to

23    petitioner at least ten years ago. Additionally, *Padilla* is *Teague* barred and thus not a basis for

1  federal habeas relief. Accordingly, the Court recommends the habeas petition be denied and

2  dismissed.

3  **A.      The Federal Statute of Limitations, 28 U.S.C. § 2244(d)**

4          Federal habeas corpus petitions filed by persons imprisoned under a state court judgment

5  are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. §

6  2244(d)(1)(A), "[t]he limitation period shall run from . . . the date on which the judgment

7  became final by the conclusion of direct review or the expiration of the time for seeking such

8  review . . . ." Additionally, "[t]he time during which a properly filed application for State post-

9  conviction or other collateral review with respect to the pertinent judgment or claim is pending

10  shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §

11  2244(d)(2) (emphasis added).

12         For purposes of 28 U.S.C. § 2244(d)(1)(A), direct review generally concludes and the

13  judgment becomes final either upon the expiration of the time for filing a petition for writ of

14  certiorari with the Supreme Court, or when the Court rules on a timely filed petition for

15  certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). When there is no direct review

16  or the direct review process terminates prior to reaching the state's highest court, however, the

17  judgment becomes final on an earlier date. *Gonzalez v. Thaler*, 132 S. Ct. 641, 652-56 (2012);

18  *Wixom v. Washington*, 264 F.3d 894 (9th Cir. 2001). If the intermediate appellate court affirms

19  the judgment and sentence on direct appeal, and the petitioner does not timely seek review by the

20  state supreme court, the direct review process concludes upon expiration of time for seeking

21  review by the state supreme court and the judgment becomes final on that date. *Gonzalez*, 132 S.

22  Ct. at 653-54.

23

1    Here, petitioner was sentenced on October 11, 1996 in the King County Superior Court.

2    He did not file a direct appeal and did not file a writ for certiorari in the Supreme Court. In

3    Washington, a party has 30 days to file a notice of direct appeal. *See* Wash. R.A.P. 5.2. The time

4    period for seeking certiorari in the Supreme Court is ninety days under Supreme Court Rule 13.

5    Hence, petitioner's judgment became final for purposes of the federal habeas statute of

6    limitations in February 1997. The limitations time thus started to run from that date and expired a

7    year later in 1998.

8    **B.    Equitable Tolling**

9    Because the habeas petition is untimely, the Court has considered whether there are

10    equitable grounds to toll the statute of limitations. The federal statute of limitations may be

11    equitably tolled if the petitioner shows "'(1) he has been pursuing his rights diligently, and (2)

12    some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v.*

13    *Florida*, 130 S. Ct. 2549, 2562 (2010). A simple "miscalculation" of the statutory deadline is not

14    a sufficient basis for demonstrating equitable tolling. *Id*. at 2564. To obtain equitable tolling,

15    extraordinary circumstances beyond a petitioner's control must have prevented the petitioner

16    from filing a federal petition on time. *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir.

17    2000) (en banc); *Gaston v. Palmer*, 387 F.3d 1004, 1008 (9th Cir. 2004); *Laws v. Lamarque*, 351

18    F.3d 919, 923-24 (9th Cir. 2003).

19    Equitable tolling is appropriate only where external forces, rather than the petitioner's

20    lack of diligence, account for the failure to file a timely petition. *Miles v. Prunty*, 187 F.3d 1104,

21    1107 (9th Cir. 1999). The threshold necessary to obtain equitable tolling is thus very high, and

22    the petitioner bears a heavy burden to obtain tolling. *Miranda v. Castro*, 292 F.3d 1063, 1065-66

23    (9th Cir. 2002).

REPORT AND RECOMMENDATION - 5

The record shows petitioner knew about or should have known about the factual and legal grounds for his claims about ten years ago. He knew about the immigration consequences of his conviction in 2004 because he states he became aware when immigration officials picked him up. The Supreme Court decided *Padilla* in 2010 and he thus knew or should have known then about the legal basis for the habeas claim he raises here regarding effectiveness of counsel and immigration consequences. Despite being in possession of the factual and legal bases for his grounds of relief he waited until 2019 before filing his state PRP. The Court accordingly concludes there are no equitable grounds to toll the statute of limitations.

### C.    Applicability of *Jimenez v. Quarterman*

Petitioner contends his federal habeas petition is timely under *Jimenez v. Quarterman* because he filed a PRP in the state courts in 2019 which he argues reopened his case on "direct review." He is incorrect. In *Jimenez* the petitioner failed to file a direct appeal from his conviction and sentence in state court. *Jimenez,* 555 U.S. at 116. Jimenez however filed a state habeas petition, arguing he was denied his right to appeal. *Id.* The state court of appeal agreed and granted Jimenez the right to file an out-of-time appeal. *Id.* After the time in which to file a writ of certiorari in the Supreme Court for certiorari expired, Jimenez filed a federal habeas petition. *Id.* The district court dismissed the petition as untimely, rejecting Jimenez's argument that the "conclusion of direct review" in his case occurred when the time expired for seeking certiorari review of the decision in his out-of-time appeal. *Id.* The Fifth Circuit denied a COA.

The Supreme Court reversed reasoning "direct review cannot conclude for purposes of § 2244(d)(1)(A) until the availability of direct appeal to the state courts, and to this Court, has been exhausted." *Id.* at 119. (internal citations and quotation marks omitted). The Supreme Court found "the order granting an out-of-time appeal restored the pendency of the direct appeal and

1    petitioner's conviction was again capable of modification through direct appeal to the state

2    courts and to this Court on certiorari review." *Id.* at 119-120. (internal citation and quotation

3    marks omitted). The Court held, "'the date on which the judgment became final by the

4    conclusion of direct review or the expiration of the time for seeking such review' must reflect the

5    conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of

6    that appeal." *Id.* at 121. The Court emphasized this holding is a "narrow one." *Id.*

7         In contrast to *Jimenez,* the Washington Appellate Court's consideration of petitioner's

8    PRP did not "restore the pendency of the direct appeal" in his case. Rather as petitioner in his

9    habeas petition acknowledges, he filed a PRP, not a motion to reopen his direct appeal, and the

10    state court rejected and dismissed the PRP because the petition failed to provide an arguable

11    basis for relief. The state court here did not grant petitioner permission to file an out-of-time

12    direct appeal, as the state court did in *Jimenez.*  There is thus nothing establishing the state court

13    restored the pendency of petitioner's direct appeal, or that the rejection of the PRP somehow

14    made petitioner's "conviction . . .  again capable of modification through direct appeal to the

15    state courts and to [the Supreme Court] on certiorari review," as was the case of the petitioner in

16    *Jimenez*. *Id*. at 120 (internal citation omitted).

17         The Court's conclusion that *Jimenez* is inapplicable to petitioner's federal habeas case is

18    highlighted by *Randle v. Crawford*, 604 F.3d 1047 (9th Cir. 2009). In that case, the Ninth Circuit

19    distinguished Randle's case from *Jimenez* on the grounds the Nevada Supreme Court did not

20    restore Randle's direct appeal because it had no jurisdiction to do so. Rather, Randle was

21    permitted to present the issues in his petition for collateral relief. Similarly, petitioner in this case

22    filed a PRP in the state court and the state court denied the PRP finding petitioner no bases for

23    relief.

In short, as petitioner's 2019 PRP did not restore the pendency of his direct appeal the judgment petitioner challenges in this action became final in 1997 or no later than 2010 when *Padilla* was decided. Whether the judgment became final in 1997 or 2010, the habeas petition filed in June 2020 is untimely and should accordingly be dismissed.

### D.    Retroactivity of *Padilla*

In addition to being time-barred, petitioner's claim he was denied effective assistance of counsel under *Padilla* is barred by *Teague v, Lane*, 489 U.S. 288 (1989). The Supreme Court has held *Padilla* announced a new rule that does not apply retroactively to cases such as petitioner's that are already final on direct review. *See Chaidez v. United States,* 568 U.S. 342, 358 (2013).

Petitioner's conviction was final years before the *Padilla* decision. Accordingly, *Padilla* does not provide a basis for relief in state proceedings for collateral relief, and as petitioner raised his *Padilla* claim only in a state petition for collateral relief, the *Padilla* claim is not grounds for federal habeas relief.

### E.    Evidentiary hearing and discovery

Petitioner has filed a motion arguing the Court should order an evidentiary hearing and order discovery regarding essentially all evidence leading up to and related to the entry of his plea of guilt and the sentence imposed in 1996. Dkt. 6. Petitioner's argument fails. The is no basis to discover the factual bases for petitioner's claim or to conduct an evidentiary hearing because federal habeas relief is time barred and the petition should be dismissed upon this basis. The merits of petitioner's habeas claim will not and cannot be examined or developed further if the assigned district judge dismisses this petition as untimely.

Additionally, the Supreme Court decided *Padilla* in 2010, well after petitioner's conviction was final. Petitioner seeks relief based upon a *Padilla* claim that his lawyer was

ineffective for failing to advise him of the immigration consequences of pleading guilty to the robbery charges. But the Supreme Court has held *Padilla* is not retroactive and thus *Padilla* is not a basis for federal habeas relief. In short, there is no bases to grant petitioner discovery or to conduct an evidentiary hearing in this matter.

## CERTIFICATE OF APPEALABILITY

A prisoner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of the petition only after obtaining a COA from a district or circuit judge. A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A prisoner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Under this standard, the Court finds no reasonable jurist would disagree this habeas petition is untimely, and petitioner's request for relief which is based upon *Padilla* is barred by the rule set forth in *Teague*. The Court should therefore not issue a COA. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

REPORT AND RECOMMENDATION - 9

Petitioner, however, may file objections no later than **July 13, 2010.**  The Clerk shall note the matter for **July 17, 2020**, as ready for the District Judge's consideration.  The failure to timely object may affect the right to appeal.

DATED this 24th day of June, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 10