1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HANOI BARBARO ACOSTA,

                          Petitioner,

     v.

TJ WATSON,

                          Respondent.

CASE NO. 20-920-RSM

ORDER ADOPTING REPORT AND
RECOMMENDATION AND
DISMISSING CASE

## I.     INTRODUCTION

This matter comes before the Court on the Report and Recommendation ("R & R") of the Honorable Brian A. Tsuchida, United States Magistrate Judge.  Dkt. #8.  Petitioner Hanoi Barbaro Acosta, proceeding pro se, petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his state court convictions.  Dkt. #1.  The R & R recommends that the Court deny the habeas petition, deny Petitioner's motion for discovery and an evidentiary hearing, and dismiss the case with prejudice.  Dkt. #8.  Having considered the R & R, Plaintiff's Objections, Dkt. #12, and the remainder of the record, the Court approves and adopts the R & R and dismisses this case with prejudice without issuing a Certificate of Appealability.

//

//

ORDER ADOPTING REPORT AND
RECOMMENDATION AND DISMISSING
CASE - 1

## II.    BACKGROUND

On October 11, 1996, Petitioner was sentenced in King County Superior Court to 110 months imprisonment for attempted robbery and robbery in the first degree.  Dkt. #4 at 1. Petitioner claims he did not appeal his judgment and did not file a petition for writ of certiorari to the U.S. Supreme Court.  His memorandum of law in support of his petition states that he was released from state custody in 2004.[1]  Dkt. #1-3 at 13.  It further states that in 2008, Petitioner was convicted in federal court for charges related to transportation of a minor for purposes of prostitution and is currently in federal custody.  *Id.*  He claims that the 1996 state court robbery convictions were used to enhance his sentence.  *Id.*

On August 29, 2019, Petitioner collaterally challenged his state court conviction by filing a personal restraint petition ("PRP") in the Washington Court of Appeals alleging denial of effective assistance of counsel under *Padilla v. Kentucky*, 559 U.S. 356 (2010), and denial of due process under the Fifth Amendment.  Dkt. #4 at 3.  On March 6, 2020, the Washington Court of Appeals denied his PRP for failure "to establish an arguable basis for collateral relief in fact or law. . . ."  Dkt. #4-1 at 8.  Plaintiff subsequently sought review by the Washington Supreme Court, which denied review on May 19, 2020.  *Id.* at 3-5.

On June 24, 2020, Judge Tsuchida issued an R & R concluding that Petitioner's habeas petition should be dismissed, given that (1) it was filed past the one-year statute of limitations for habeas petitions and not subject to equitable tolling; and (2) his ineffective assistance of counsel claim under *Padilla* is barred by *Teague v. Lane*, 489 U.S. 288 (1989).  Dkt. #8.  The R & R also

---

[1] It is not apparent to the Court that Petitioner may seek habeas relief under § 2254 related to his 1996 state court convictions, given that he is now held in federal custody for a separate conviction and no longer "a person in custody pursuant to the judgment of a State court . . . ."  *See* 28 U.S.C. § 2254(a). However, because the R & R correctly determined that Petitioner's habeas petition is time-barred, the Court need not reach this issue.

ORDER ADOPTING REPORT AND
RECOMMENDATION AND DISMISSING
CASE - 2

found no basis to grant discovery or conduct an evidentiary hearing, and recommended denial of a certificate of appealability. *Id.* Petitioner filed Objections on August 3, 2020. Dkt. #12.

### III. DISCUSSION

**A. Legal Standard**

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. *See* Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court reviews de novo those portions of the report and recommendation to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

**B. Petitioner's Habeas Petition is Time-Barred**

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), imposes a one-year statute of limitations for state prisoners filing federal petitions for habeas corpus. *See* 28 U.S.C. § 2244(d)(1). The one-year limitation period "shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). Furthermore, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id.* § 2244(d)(2).

ORDER ADOPTING REPORT AND
RECOMMENDATION AND DISMISSING
CASE - 3

1        The R & R determined that Petitioner's limitations period on his habeas claim related to

2 the 1996 convictions expired in 1998, given that his judgment became final for purposes of the

3 federal habeas statute of limitations in February 1997.  Dkt. #8 at 5.  In his Objections, Petitioner

4 argues that his petition is not untimely given that (1) failure to review his claims would result in a

5 miscarriage of justice; and (2) the Washington state court ignored the time bar by considering his

6 PRP, thereby allowing this Court to consider his petition.  Dkt. #12 at 3-4, 9-13.  The Court will

7 address each objection in turn.

8        First, Petitioner argues that he may overcome the procedural bar if he demonstrates (a)

9 cause for the default and actual prejudice would result; or (b) failure to review the claims would

10 "result in a fundamental miscarriage of justice."  Dkt. #12 at 3 (citing *Coleman v. Thompson*, 501

11 U.S. 722, 750 (1999).  Petitioner asks the Court to apply the "miscarriage of justice" exception

12 under *Coleman* on the basis that "he is actually and factually innocent of the robberies he was

13 accused of in this case."  *Id.* at 4.  The cases he cites address the miscarriage of justice exception

14 to the one-year time bar.  *See id.* at 3-4 (citing *Murray v. Carrier*, 477 U.S. 478, 485 (1986);

15 *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1935 (2013)); *Mickey v. Ayers*, 606 F.3d 1223, 1233 (9th

16 Cir. 2010); *Tollett v. Henderson*, 411 U.S. 258, 266–67 (1973)).

17        Petitioner's argument is unavailing.   As this Court has recognized, "[o]nly in an

18 'extraordinary case' may the habeas court grant the writ without a showing of cause or prejudice

19 to correct a 'fundamental miscarriage of justice' where a constitutional violation has resulted in

20 the conviction of a defendant who is actually innocent."  *Hunt v. Warner*, No. C14-1637-RSM,

21 2015 WL 1566041, at *5 (W.D. Wash. Apr. 8, 2015) (quoting *Murray,* 477 U.S. at 495–96).  Here,

22 Petitioner makes no colorable showing of actual innocence.  Petitioner therefore fails to

23 demonstrate that his claims are eligible for federal habeas review.

ORDER ADOPTING REPORT AND
RECOMMENDATION AND DISMISSING
CASE - 4

1    Plaintiff also objects to the time bar on the basis that a Washington state court considered

2    his PRP on the merits.  Dkt. #12 at 9-11 ("If the last state court to which a federal claim is presented

3    ignores a potential state procedural default and reaches the merits of the claim, federal courts may

4    consider the claim.").  In support of this argument, he cites cases addressing consideration of state

5    procedural bars in federal habeas claims.  *See, e.g.*, *Harris v. Reed*, 489 U.S. 255, 256 (1989)

6    ("[P]rocedural default will not bar consideration of a federal claim on habeas review unless the

7    last state court rendering a judgment in the case clearly and expressly states that its judgment rests

8    on a state procedural bar."); *Runningeagle v. Ryan*, 686 F.3d 758, 768 (9th Cir. 2012) ("[W]e must

9    determine whether the Arizona courts denied this claim on the merits, or instead determined that

10   the claim was procedurally defaulted under state law.").  Here, the one-year bar is not a state

11   procedural bar—rather, it is a federal statute of limitations imposed by the AEDPA.  *See* 28 U.S.C.

12   § 2244(d)(1).  For that reason, Petitioner's objection related to state procedural bars is inapposite.

13   The remainder of Petitioner's objections address his ineffective assistance of counsel claim

14   and the retroactivity of *Padilla*.  *See* Dkt. #12 at 2, 4-9.  Having determined that the Petition is

15   untimely in the first instance, the Court need not address the remaining objections.

16   **C. Request for Discovery and Evidentiary Hearing**

17   Petitioner also objects to the R & R's recommendation to deny an evidentiary hearing and

18   discovery.  Dkt. #12 at 2.  The Court finds that Petitioner is not entitled to an evidentiary hearing

19   in this matter because the Petition, files, and totality of the record conclusively demonstrate that

20   his petition is time-barred. *See* 28 U.S.C. § 2254(e)(2).  For that reason, his request for discovery

21   and an evidentiary hearing, Dkt. #6, is properly denied.  *See also Kemp v. Ryan*, 638 F.3d 1245,

22   1269 (9th Cir. 2011) (When a habeas petitioner is not entitled to an evidentiary hearing, then a

23   request for discovery is futile).

ORDER ADOPTING REPORT AND
RECOMMENDATION AND DISMISSING
CASE - 5

**D. Certificate of Appealability**

Finally, Petitioner objects to the R & R's recommendation to deny issuance of a COA. The Court finds that no reasonable jurist would disagree that this habeas petition is time-barred. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  For that reason, the Court finds no basis to issue a COA in this case.

## IV.    CONCLUSION

Having reviewed the Report and Recommendation of the Honorable Brian A. Tsuchida, United States Magistrate Judge, Petitioner's Objections, and the remainder of the record, the Court finds and ORDERS:

(1)    The Court ADOPTS the Report and Recommendation, Dkt. #8.

(2)    The habeas petition is DISMISSED with prejudice, and issuance of a certificate of appealability is DENIED.

(3)    The Clerk is directed to send copies of this Order to Petitioner.


Dated this 27th day of October, 2020.



RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER ADOPTING REPORT AND
RECOMMENDATION AND DISMISSING
CASE - 6